# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Fernando Jose Castro-Torres<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:24-mj-71509 MAG<br>)<br>)<br>)<br>) |

FILED
Oct 18 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  October 16, 2024  in the county of  San Francisco  in the
 Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. section 922(g)(1) | Felon in possession of ammunition |

This criminal complaint is based on these facts:
Please see attached affidavit of FBI Special Agent Donald Fuhr

☑ Continued on the attached sheet.

/s/ Donald Fuhr
*Complainant's signature*

Donald Fuhr, Special Agent, FBI
*Printed name and title*

Approved as to form  *Richard Ewenstein*
                    AUSA  *RE*
by telephone.
Sworn to before me ~~and signed in my presence.~~

Date:  10/17/2024

*Judge's signature*

City and state:  San Francisco, CA     Hon. PETER H. KANG, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Donald Fuhr, Special Agent of the United States Department of Justice, Federal Bureau of Investigation ("FBI"), being duly sworn, hereby state:

## INTRODUCTION

1. I make this affidavit in support of an application under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure for a criminal complaint charging **FERNANDO JOSE CASTRO-TORRES** with felon in possession of ammunition in violation of 18 USC 922(g)(1) occurring on or about October 16, 2024, in San Francisco, California in the Northern District of California and an arrest warrant on that Complaint.

## SOURCES OF INFORMATION

2. The facts stated in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I have been a Special Agent with the FBI since October 2023 and am currently assigned to the San Francisco Division, Oakland Resident Agency. Prior to my appointment as a Special Agent, I was employed by the FBI as a Staff Operations Specialist at FBI Headquarters in the Cyber Division from January 2015 to April 2016 and in the Counterterrorism Division

from April 2016 to October 2023. I have gained experience through training at the FBI and everyday work in conducting these types of investigations. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

5. I am familiar with the facts and circumstances of the investigation through my participation in it, and based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

6. **Possession of Ammunition by a Convicted Felon.** Under Title 18, United States Code 922(g)(1) it is unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess ammunition.

## STATEMENT OF PROBABLE CAUSE

7. On October 16, 2024, CASTRO-TORRES was arrested by Homeland Security Investigations and other law enforcement officers during a nighttime operation in the Tenderloin in the area around 1192 Market Street in San Francisco, California in the Northern District of California as described in detail below.

8. During a search incident to the arrest, agents located on CASTRO-TORRES's person an un-serialized semi-automatic firearm with a partially loaded magazine in a black cross-body bag worn on his person. The firearm did not have ammunition in the chamber. Based on the facts described below, I have probable cause to believe that CASTRO-TORRES violated 18 USC 922(g)(1), based on his possession of ammunition as a convicted felon.

9. On October 16, 2024, an Undercover Officer (UC) with the SFPD was walking west on Market Street from U.N. Plaza when the UC observed a male, dressed in all black

clothing with a black balaclava seated in front of the Orpheum theater (1192 Market Street). As the UC walked closer to CASTRO-TORRES, CASTRO-TORRES looked in the UC's direction and called out to the UC and asked the UC what the UC was looking for. The UC walked up to CASTRO-TORRES and crouched down directly next to CASTRO-TORRES and negotiated to purchase forty dollars' worth of fentanyl from CASTRO-TORRES. The UC observed that CASTRO-TORRES was wearing a satchel around his chest.

10. CASTRO-TORRES produced a plastic baggy containing a white chalky substance from his person (The UC was unable to determine if he produced it from his jacket pocket or satchel). CASTRO-TORRES removed two pieces of the white chalky substance from the baggy and placed it into the UC's hand. In return, the UC handed him two twenty-dollar bills of U.S. Currency (marked funds). The UC later inspected the substance CASTRO-TORRES handed the UC and suspected it to be fentanyl based on its appearance and feel.

11. Prior to CASTRO-TORRES' arrest, the UC provided a description of CASTRO-TORRES's appearance, including the clothing he was wearing, to other officers involved in the operation. After officers arrested CASTRO-TORRES, the UC confirmed the individual in custody, CASTRO-TORRES, was the same individual who sold the UC the suspected fentanyl.

12. At the scene of the arrest, law enforcement personnel conducted a search of CASTRO-TORRES's incident to arrest. The following were located:

> i. Two clear plastic bags containing suspected fentanyl (later tested with the TruNarc device as inconclusive); one clear plastic bag containing suspected counterfeit pills containing suspected fentanyl (later tested presumptive positive with the TruNarc device as Acetaminophen); one clear plastic bag containing suspected marijuana.

    ii.  An un-serialized semi-automatic firearm.  See Picture A:



    iii.  Ammunition of several types, including ammunition manufactured by AMMO INC.  AMMO INC's corporate website indicates that AMMO INC ammunition is manufactured outside the state of California.  There were nine rounds found in a magazine inserted in the firearm.  See Picture B:



13. According to information from SFPD, an Instagram post on October 15, 2024, from an account belonging to CASTRO-TORRES, showed CASTRO-TORRES with a firearm similar in appearance to the firearm seized from CASTRO-TORRES incident to arrest.

4

14. A Minute Order from the San Francisco Superior Court shows that on May 4, 2023, CASTRO-TORRES was convicted of felony violations of both Cal. P.C. 245(a)(4), assault with force likely to cause great bodily injury, and Cal. P.C. 32, accessory after the fact. The minute order further shows that CASTRO-TORRES was present in court at the time of these felony convictions and therefore knew about them when he possessed the AMMO INC ammunition on October 16, 2024.

## CONCLUSION

15. Based on my training and experience, and the facts and circumstances set forth above, I believe probable cause exists that on October 16, 2024, in the Northern District of California, CASTRO-TORRES possessed ammunition while a felon in violation of 18 USC 922(g)(1). Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

/s/ Donald Fuhr

Donald Fuhr
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me via telephone on this 17th day of October 2024 pursuant to Fed. R. Crim. P. 4.1.

_____
HON. PETER H. KANG
UNITED STATES MAGISTRATE JUDGE